# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARGARET LEE, On Behalf of Herself and All Others Similarly Situated | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:17-cv-11042 |
| CONAGRA BRANDS, INC., ROCHE BROS. SUPERMARKETS, INC., ROCHE BROS. INC., ROCHE BROS. SUPERMARKETS, LLC AND THE STOP & SHOP SUPERMARKET COMPANY LLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL[1]

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, Rule 81.1 of the Local Rules for the United States District Court, District of Massachusetts, and the provisions of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119, Stat. 4 (2005), Defendant Conagra Brands, Inc., incorrectedly sued as ConAgra Foods, Inc. ("Conagra"), by and through its attorneys, and with the consent of all named defendants, hereby removes the above-captioned action, currently pending in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, Case No. 17-1278, to the United States District Court for the District of Massachusetts. In support thereof, Conagra states as follows:

1.      On April 26, 2017, Plaintiff Margaret Lee ("Plaintiff") individually and on behalf of a purported class of similarly situated consumers, filed a Class Action Complaint in the

---

[1] Conagra has filed concurrently herewith its Motion for Leave to File the Declaration of Irman Webb and Corresponding References in the Notice of Removal Under Seal (the "Motion"). Conagra has also provided the Court and Plaintiff's counsel with an unredacted copy of the Notice of Removal and Declaration of Irman Webb. Because the Notice of Removal was the initiating document in this Court, Conagra was unable to file its Motion previously as Local Rule 7.2(d) generally requires.

Superior Court for Suffolk County, Commonwealth of Massachusetts, bearing the Case No. 17-1278 (the "State Court Action").

2.      On May 8, 2017, counsel for Conagra agreed to accept service of the State Court Action.

3.      Upon information and belief, Defendants Roche Bros. Supermarkets, Inc., Roche Bros., Inc., and Roche Bros. Supermarkets, LLC ("collectively "Roche Bros.") were served on May 11, 2017.

4.      Upon information and belief, Defendant The Stop & Shop Supermarket Company, LLC ("Stop & Shop") was served on May 15, 2017.

5.      This Notice of Removal is being filed within thirty (30) days of Conagra's acceptance of service of the State Court Action Complaint, and is therefore timely under 28 U.S.C. §§ 1446(b) and 1453(b).

6.      Pursuant to 28, U.S.C. § 1446(a), a true and correct copy of all process documents and pleadings filed in the State Court Action, are attached hereto as Exhibit A.

7.      In accordance with 28 U.S.C. § 1446(d), Conagra has given contemporaneous written notice of the Notice of Removal to Plaintiff and the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County. *See* Exhibit B, attached hereto.

8.      Conagra is removing this case to the federal district court embracing the place where the state court action was filed, as required by 28 U.S.C. § 1441(a).

## THE PARTIES

9.      Upon information and belief, and as stated in Plaintiff's Complaint, Plaintiff is a resident of the State of Massachusetts. (Compl. ¶ 6.)

10.     Conagra is a Delaware Corporation with its corporate headquarters and principal place of business in Chicago, Illinois. (Compl. ¶ 7.)

11.     Defendants Roche Bros. Supermarkets, Inc., and Roche Bros., Inc., are Massachusetts Corporations with their principal places of business in Wellesley, Massachusetts. (Compl. ¶¶ 8-9.)

12.     Defendants Roche Bros. Supermarkets, LLC, and The Stop & Shop Supermarket Company, LLC, are limited liability companies, organized under the laws of Delaware with their principal places of business in Massachusetts. (Compl. ¶¶ 10-12.)

## PLAINTIFF'S ALLEGATIONS

13.     Plaintiff's Complaint alleges, in short, that Conagra packaged, marketed, and distributed various types of Wesson® Brand Cooking Oils ("Wesson Oil") with labeling that is deceptive, false, and misleading. (*See, e.g.*, Compl. ¶¶ 2, 3-5.) Specifically, Plaintiff alleges Wesson Oil products are not "100% Natural" as stated on the products' labeling, because Wesson Oil allegedly contains genetically modified organisms. (*Id.*)

14.     With respect to the other defendants, Plaintiff asserts that Roche Bros. and Stop & Shop "sell bottles of Wesson Oil" bearing the challenged labels. (Compl. ¶ 18.)

15.     Plaintiff seeks to represent a putative class consisting of "all persons who have purchased Wesson Oil products in Massachusetts that were labeled '100% Natural'" ("the Class"). (Compl. ¶ 31.) Notably, Plaintiff's Class definition does not include a relevant time period. Nor is the class limited to persons who bought Wesson Oil products at Roche Bros. or Stop & Shop.

16.     Plaintiff seeks damages for alleged violations of Massachusetts Consumer Protection Laws and General Regulations of the Massachusetts Attorney General. (Compl. ¶¶

42-47.) Plaintiff quantifies her damages as "up to three times the damages that Plaintiff and the Class incurred or at the very least the statutory minimum award of $25 per purchase of a Wesson Oil product [. . .] together with all related court costs, attorneys' fees and interest." (Compl. ¶ 50.)

<b><u>REMOVAL IS PROPER UNDER CAFA, 28 U.S.C. §§ 1332(d), 1453</u></b>

17.     As set forth in more detail below, this Court has jurisdiction over this matter and it is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

18.     The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (partially codified at 28 U.S.C. § 1332(d)), vests the federal district courts with original, diversity jurisdiction over any (1) purported class action in which (2) any member of a class of plaintiffs is a citizen of a State different from any defendant, (3) the proposed class contains at least 100 members, and (4) the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (5) & (6). As pleaded by Plaintiff, this case satisfies each of the aforementioned requirements.

**A.    <u>This is a Class Action Consisting of More than 100 Plaintiffs.</u>**

19.     This action was filed by one Plaintiff, alleging common questions of law and fact, on behalf of a class of plaintiffs. (Compl. ¶ 31 (defining the Class as "all persons who have purchased Wesson Oil products in Massachusetts that were labeled '100% Natural'" during an unspecified period of time).)

20.     Because the Complaint does not provide an estimated number of plaintiffs in the putative class, it is Conagra's burden as the removing party to demonstrate with "reasonable probability" that the class contains more than 100 members. *See Amoche v. Guar. Trust Life Ins.*

*Co.*, 556 F.3d 41, 49, 51 (1st Cir. 2009). "[T]he reasonable probability standard is for all practical purposes identical to the preponderance standard adopted by several circuits." *Id.* at 50.

21.     To meet its burden, Conagra attaches hereto as <u>Exhibit C</u>, the sworn Declaration of Irman Webb of Conagra. In his Declaration, Mr. Webb explains ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████

22.     Given the tremendous volume of Wesson Oil unit sales in the state of Massachusetts between 2011 and 2017, it is more likely than not that the putative class Plaintiff purports to represent far exceeds 100 individuals. *Khath v. Midland Funding, LLC*, No. CV 14-14184-MLW, 2016 WL 1267387, at *5 (D. Mass. Jan. 7, 2016*), report and recommendation adopted as modified*, No. CV 14-14184-MLW, 2016 WL 1275606 (D. Mass. Mar. 30, 2016) (recognizing that a defendant can satisfy its burden to establish CAFA's jurisdictional minimums by a reasonable probability by alleging facts in its notice of removal and/or by submitting summary judgment type evidence); *see also Amoche*, 556 F.3d at 49 n.3 ("A party may meet this burden by amending the pleadings or by submitting affidavits.").

23.     Further, to determine whether a defendant seeking removal under CAFA has met its burden, "the Court examines the submissions of the parties, taking into account which party

---

[2] In light of Plaintiff's silence regarding a designated class period, Conagra includes data regarding the number of units sold in the state of Massachusetts for the last five (5) years. Conagra recognizes that the statute of limitations for a consumer protection claim under Massachusetts law is four years. Mass. Gen. Laws ch. 260, § 5A. But even under the applicable statute of limitations, CAFA jurisdiction is still satisfied.

has better access to the relevant information." *Mack v. Wells Fargo Bank*, N.A., No. 11-40020-FDS, 2011 WL 1344194, at *3 (D. Mass. Apr. 8, 2011).

24.     Given the Complaint's silence on the issue of class numerosity and Conagra's submission of affirmative evidence, the requirement that the number of members of the proposed class in the aggregate be greater than 100 is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**B.     The Minimal Diversity of Citizenship Requirement is Satisfied.**

25.     CAFA eliminates the requirement of complete diversity. Rather, in actions covered by CAFA, the requisite diversity of citizenship is satisfied so long as there is "minimal diversity" – *i.e.*, the citizenship of any plaintiff differs from that of at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

26.     Plaintiff is a resident of Massachusetts. (*See* Compl. ¶6.) Accordingly, for purposes of establishing the diversity of the parties, Plaintiff is a Massachusetts citizen.

27.     Conagra is a Delaware Corporation with its corporate headquarters and principal place of business in Chicago, Illinois. (Compl. ¶ 7.) Accordingly, for purposes of establishing diversity of the parties, Conagra is a citizen of both Delaware and Illinois.

28.     Accordingly, minimal diversity of citizenship existed at the time of the filing of the Complaint and at the time of removal because the Plaintiff (citizen of Massachusetts) is a citizen of a different state than Defendant Conagra (citizen of Delaware and Illinois).

**C.     The Amount in Controversy Requirement is Satisfied.**

29.     Under 28 U.S.C. § 1332(d) a class action is removable if the aggregate amount in controversy is greater than $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

30.     Establishing that the amount in controversy exceeds the jurisdictional minimum requires a removing party to show a "reasonable probability" that more than $5 million is in controversy at the time of removal. *Amoche*, 556 F.3d at 50.

31.     In the instant case, Plaintiff seeks to certify a class consisting of "all persons who have purchased Wesson Oil products in Massachusetts that were labeled '100% Natural'" without time limitations. (Compl. ¶ 31.)

32.     Among other things, Plaintiff requests this Court award monetary damages "up to three times the damages that Plaintiff and the Class incurred or at the very least the statutory minimum award of $25 **per purchase of a Wesson Oil product**." (Compl. ¶ 50 (emphasis added).) This request alone will bring the amount in controversy in excess of $5 million.

33.     As set forth in the attached Declaration of Irman Webb of Conagra, ██████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████

34.     Even a conservative calculation of Plaintiff's requested award of $25 per unit of Wesson Oil sold, results in ████████████████████████████████████████████████

██████████████████████████████████████████████

35.     In addition, a court may "double or treble damages if the court finds the act or practice was a willing or knowing violation of chapter 93A." *Angiodynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 299, 306 (D. Mass. 2014).

---

[3] *See* footnote 2 above.

36.     When viewed as a whole, the claims asserted by Plaintiff yield an amount in controversy over and above the CAFA jurisdictional limit. Accordingly, the jurisdictional amount set forth in CAFA is "more likely than not" satisfied. *See Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 294 (D. Mass. 2009) (defendant satisfied its burden in demonstrating to a reasonable probability that the amount in controversy exceeded $5 million); *Perry v. Equity Residential Mgmt., L.L.C.*, No. 12-10779-RWZ, 2014 WL 4198850 (D. Mass. Aug. 26, 2014) (*citing Amoche,* 556 F.3d at 43 (same)).

**D.     Jurisdiction is Mandatory Under CAFA, and None of the CAFA Exceptions Apply**

37.     Recognized exceptions to CAFA jurisdiction (both discretionary and mandatory) are not triggered here because the primary defendant—Conagra—is not a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1332(d)(3) – (4)(B).

38.     Here, Conagra is undeniably the primary defendant because Plaintiff's claims pertain solely to the labeling of Wesson Oil. (*See* Compl. ¶ 17 ("Conagra systematically labels and markets every bottle of Wesson Oil as 'Pure and 100% Natural' in product packaging, print advertisements, in television commercials and on the Wesson Oils website (www.wessonoil.com)").)

39.     The only allegation applicable to Roche Bros. and Stop & Shop, the retailer defendants, is that they "sell bottles of Wesson Oil bearing such labels in stores." (Compl. ¶ 18.) Plaintiff does not allege that Roche Bros. or Stop & Shop was in any way involved in the labeling of Wesson Oil—the crux of Plaintiff's claims. Therefore, Roche Bros. and Stop & Shop cannot be considered primary defendants.

40.     Because Conagra—the primary target of this litigation—is not a citizen of Massachusetts, the state in which this action was originally filed, jurisdiction under CAFA is

mandatory. *See Manson*, 602 F. Supp. 2d at 297 (denying plaintiff's motion for remand based on the home-state and local controversy exceptions because the primary defendant was not a citizen of the state in which the original class action was filed).

## NO PREJUDICE OR WAIVER OF DEFENSES

41.     By filing this Notice of Removal, Conagra expressly preserves and does not waive any defenses that may be available to it. Moreover, by seeking to establish that the amount in controversy is greater than the jurisdictional amount, Conagra does not concede any liability or that the jurisdictional amount is recoverable. Rather, Conagra denies that any amount is recoverable by Plaintiff or the putative class.

42.     WHEREFORE, Defendant Conagra Brands, Inc. respectfully requests that the above-captioned action now pending in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, be removed to the United States District Court for the District of Massachusetts, and that said District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the request for removal and promote the ends of justice.

This 7th day of June, 2017.

Respectfully submitted,

*/s/ Kevin M. Duddlesten*
Kevin M. Duddlesten, BBO #680624
MCGUIREWOODS LLP
2000 McKinney Ave., Suite 1400
allas, Texas 75201
Telephone:     214.932.6419
Facsimile:      214.273.7484

*Counsel for Conagra Brands, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2017, the foregoing document electronically filed with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.


*/s/ Kevin M. Duddlesten*
Kevin M. Duddlesten