## United States District Court
## District of Massachusetts

```
                                    )
Margaret Lee,                       )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    Civil Action No.
                                    )    17-11042-NMG
Conagra Brands, Inc.,               )
                                    )
            Defendant.              )
                                    )
```

### MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of a dispute between Margaret Lee ("Lee" or "plaintiff") and Conagra Brands, Inc. ("Conagra" or "defendant") concerning the purportedly deceptive packaging of Wesson brand vegetable oil ("Wesson Oil") manufactured and distributed by Conagra.  Pending before the Court is the motion of Conagra for summary judgment on the one claim brought by plaintiff alleging a violation of M.G.L. c. 93A ("Chapter 93A").

## I.  <u>Background</u>

In February, 2017, Lee sent a demand letter to Conagra on behalf of a putative class.  In the letter, Lee stated that she purchased a bottle of Wesson Oil in Massachusetts which included a label representing that it is "Pure & 100% Natural" even though it contains genetically modified organisms ("GMOs").  She asserted that Conagra deceived its customers by mislabeling its

- 1 -

product, thereby violating various Massachusetts regulations, including Chapter 93A and section five of the Federal Trade Commission Act.  She demanded that Conagra cease its use of deceptive packaging and compensate her and the putative class with the maximum damages permitted by law.

Conagra failed to respond to the demand letter, prompting Lee to file suit against it in Massachusetts Superior Court in April, 2017.  Conagra removed the action to this Court where it was dismissed for failure to state a claim by United States District Judge Richard Stearns in October, 2017.  On appeal, the First Circuit Court of Appeals reversed the dismissal and remanded the action for further proceedings, whereupon it was reassigned to this judicial officer.  In September, 2020, Conagra moved for summary judgment based upon Lee's allegedly deficient demand letter.

In March, 2021, the Court allowed Lee's motion for leave to amend the complaint.  Because no discovery had yet taken place and Lee could not present evidence in opposition to Conagra's motion, the Court deferred consideration of the motion for summary judgment and requested that the parties submit documentation addressing whether the Chapter 93A demand requirement applied in this case.  The parties submitted such evidence shortly thereafter.

II.  **Motion for Summary Judgment**

    A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Courts are hesitant to allow pre-discovery motions for summary judgment such as the instant motion, particularly when discovery could uncover evidence in the nonmoving party's favor. See, e.g., Kabler v. United Food & Commer. Workers Union, Local 1776 Keystone State, No. 1:19-cv-395, 2020 U.S. Dist. LEXIS 55634, at *10 (M.D. Pa. Mar. 31, 2020) ("A pre-discovery motion for summary judgment is only appropriate for pure questions of law or incontrovertible questions of fact that must be shown through documentary evidence, not for having claims dismissed when the plaintiff lacks evidence before discovery has taken place."); Saltzman v. Whisper Yacht, Ltd., No. 19-285MSM, 2019 U.S. Dist. LEXIS 218088, at *15 (D.R.I. Dec. 19, 2019)

("[Summary judgment] is usually reserved to a later phase of the case, after discovery has sharpened the parties' focus on the facts.").

### B. Application

As a prerequisite to suit, Chapter 93A requires the submission of a demand letter

> reasonably describing the unfair or deceptive act or
> practice relied upon and the injury suffered.

M.G.L. c. 93A, § 9(3).  The purpose of such a requirement is to promote settlement and to limit the amount of damages the complainant may recover. Thorpe v. Mutual of Omaha Ins. Co., 984 F.2d 541, 544 (1st Cir. 1993).  Although the demand requirement is "not merely a procedural nicety," McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 217-218 (1st Cir. 2012), it is not meant to impede the vindication of consumers' rights. See Richards v. Arteva Specialties S.A.R.L., 66 Mass. App. Ct. 726, 730 (2006).  It does not apply if the prospective respondent "does not maintain a place of business or does not keep assets within the commonwealth." M.G.L. c. 93A, § 9(3).

Conagra moves for summary judgment on the ground that Lee's demand letter failed to identify any injury that she suffered as a result of the allegedly deceptive Wesson Oil packaging.  Lee asserts that summary judgment is unwarranted because her demand letter met the requirements of Chapter 93A and that, in any

event, Conagra neither maintained a place or business nor kept
assets in Massachusetts when she sent her letter.  In response,
Conagra has submitted documentation which purportedly shows that
it owned property in Massachusetts and employed full-time
salespeople who resided and maintained places of business in
Massachusetts.

The Court need not determine whether the demand requirement
applied under the circumstances because Lee's demand letter
provided an adequate basis for Conagra to assess the value of
her claim and to make a reasonable settlement offer and,
therefore, satisfied the requirements of Chapter 93A. See
Thorpe, 984 F.2d at 544; Dumont v. Reily Foods Co., No. 18-CV-
10907-RWZ, 2021 U.S. Dist. LEXIS 58434, at *4 (D. Mass. Mar. 25,
2021) ("The issue is whether the demand letter was sufficient to
enable defendants to reasonably understand the injury to assess
their liability and tender a reasonable settlement offer.").

This case is akin to Dumont v. Reily Foods Co., No. 18-CV-
10907-RWZ, 2021 U.S. Dist. LEXIS 58434 (D. Mass. Mar. 25, 2021),
in which the defendant moved for summary judgment on the ground
that the plaintiff failed to specify an injury in her Chapter
93A demand letter.  In denying the defendant's motion, the Court
observed that

> [t]he demand letter in this case states that plaintiff is a
> purchaser of New England Coffee Company's flavored

products, that defendants' coffee was mislabeled, and that plaintiff seeks a refund for herself and the putative class. The reasonable inference is that plaintiff suffered a monetary injury when she purchased the allegedly mislabeled product.

Dumont v. Reily Foods Co., No. 18-CV-10907-RWZ, 2021 U.S. Dist. LEXIS 58434, at *4 (D. Mass. Mar. 25, 2021).

Here, Lee's demand letter stated that she purchased Wesson Oil, that the product was mislabeled and that she and members of the putative class are entitled to damages for each bottle of improperly labeled Wesson Oil sold in Massachusetts.  Based upon that information, Conagra could reasonably infer that Lee claims to have suffered an economic injury from the purchase of purportedly mislabeled bottles of Wesson Oil.  Lee's failure to use the word "injury" or to identify a specific dollar estimate of damages did not prevent Conagra from being able to approximate its potential liability in this matter. See Dumont, 2021 U.S. Dist. LEXIS 58434, at *5; Richards, 66 Mass. App. Ct. at 734-35.

Accordingly, Conagra is not entitled to judgment as a matter of law.

**ORDER**

For the foregoing reasons, the motion of defendant Conagra Brands, Inc. for summary judgment (Docket No. 69) is **DENIED**.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 23, 2021